# UNITED STATES DISTRICT COURT

### OFFICE OF THE CLERK
### DISTRICT OF VERMONT
### FEDERAL BUILDING
### BURLINGTON, VERMONT  05402-0945

☑ P.O. BOX 945
BURLINGTON 05402-0945
(802) 951-6301
❑ P.O. BOX 998
BRATTLEBORO 05302-0998
(802) 254-0250
❑ P.O. BOX 607
RUTLAND 05702-0607
(802) 773-0245

**RICHARD PAUL WASKO**
CLERK

April 21, 2004

Tony Anastas, Clerk
United States District Court for the
District of Massachusetts
One Courthouse Way, Room 2300
Boston, MA 02210-3002

     RE: *USA vs. TEAGUE, Norman*
     <u>Docket No. *1:94-CR-47-2*</u>

Dear Clerk of Court:

     Enclosed are certified copies of the Indictment, Verdict, Judgment, Statemtn of Reasons for Sentence, and of the docket entries for the above captioned case which has been transferred to your district pursuant to Probation Form 22 - Transfer of Jurisdiction (an extra original enclosed).

     Please acknowledge receipt on the copy of this letter provided.

          Sincerely,

          Richard Paul Wasko
          Clerk

          BY: *Lisa Wright*
          Deputy Clerk

Copy to:
John Claude Charbonneau, AUSA, Burlington, VT
U.S. Probation Office, Burlington, VT

==============================================

RECEIVED ABOVE MATERIALS THIS _____ DAY OF _____, 2004.

          Signature:_____
              Date:_____

CERTIFIED COPY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 94-47-02 |
| NORMAN CURTIS TEAGUE | ) | |

### INDICTMENT

### COUNT I

The Grand Jury charges:

That on or about June 21, 1994, within the District of Vermont,

**NORMAN CURTIS TEAGUE,**

the defendant, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

**(21 U.S.C. §841(a)(1); §841(b)(1)(A))**

A TRUE BILL:

_Peter C. Marsh_
Foreperson

_Charles R. Tetzlaff_
CHARLES R. TETZLAFF
United States Attorney

Rutland, Vermont

June 29, 1994

(JCC)

I hereby attest and certify on
April 21 2004 ,that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.

RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont

BY: _Lisa Wright_
Deputy Clerk





UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA　　　:

　　　　　　　v.　　　　　　　:　　Criminal No. 94-47-02

NORMAN C. TEAGUE　　　　　　:

## VERDICT

We, the Jury, on our oath, find as follows:

Defendant Norman C. Teague is Guilty ___✓___ Not Guilty _____

_____
Foreperson

5 May, 1995
_____
Date

I hereby attest and certify on

Apr 21, 2004 _____ ,that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.

RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont

BY: _____
Deputy Clerk

32

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

U.S. DISTRICT COURT
DISTRICT OF VT
FILED

# United States District Court

## District of Vermont

Nov 8 2 40 PM '95

BY _____ WP

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | (For Offenses Committed On or After November 1, 1987) |
| Norman Teague | Case Number:  5:94-47-02 |
| | Thomas Zonay, Esq. |

### THE DEFENDANT:

- [ ] pleaded guilty to count(s) _____
- [ ] pleaded nolo contendere to count(s) _____
  which was accepted by the court.
- [X] was found guilty on count(s)  1
  after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | Possession with intent to distribute crack cocaine | 06/21/94 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  06/22/73

Defendant's USM No.:  03570-082

Defendant's Residence Address:

217 West St.
Fitchburg, MA    01420

November 8, 1995

Date of Imposition of Judgment

Signature of Judicial Officer

Franklin S. Billings, Jr.
Senior U. S. District Judge

Name & Title of Judicial Officer

November 8, 1995

Defendant's Mailing Address:

217 West St.
Fitchburg, MA    01420

I hereby attest and certify on April 21 2004 ,that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont

BY: _____
Deputy Clerk

) 245B (Rev. 3/95) Sheet 2 - Imprisonment

DEFENDANT:    Teague, Norman
CASE NUMBER:    94-47-02

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of      121 months      .

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

J 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT: Teague, Norman
CASE NUMBER:  94-47-02

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  4 years  .

The defendant participate in a program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the costs of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

D 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT:  Teague, Norman

CASE NUMBER:  94-47-02

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $  50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page  5  of  5

DEFENDANT:  Teague, Norman

CASE NUMBER: 94-47-02

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [XX]  in full immediately; or

B  [ ]  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _____ ; or

D  [ ]  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ]  Joint and Several

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC  20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 256
(Rev. 2/86)

**CRIMINAL DOCKET · U.S. District Court**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| PO. ☐ | ☐ 0210 5 | Assigned 1008 | ☐ WRIT | U.S. VS. | (LAST, FIRST, MIDDLE) | Case Filed | Docket No.    Def. |
| Misd. ☐ | | Disp./Sentence | ☐ JUVENILE | | TEAGUE, NORMAN C. | Mo. Day Yr. 6 30 94 | 94-00047-02 |
| Felony ☒ | District OH | Judge/Magistr. | ☐ ALIAS OFFENSE ON INDEX CARD☐ | | | No. of Def's ☐ U.S. MAG. 2    CASE NO. | |

**I. CHARGES**

| OFFENSES CHARGED | ORIGINAL COUNTS | DISM. NG |
|---|---|---|
| 21:841(a)(1); possession with intent to distribute 841(b)(1)(A) cocaine | 1 | |

SUPERSEDING COUNTS

**II. KEY DATE**

INTERVAL ONE
KEY DATE 6/23/94
EARLIEST OF
☐ arrest
☐ sum'ns
☐ custody
☒ appears on complaint

KEY DATE 6/30/94
APPLICABLE

END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL)
KEY DATE 6/30/94
☐ Indictment
☐ filed/unsealed consent to Magr. trial on complaint
☐ Information
☐ Felony-W/waiver

a) ☐ 1st appears on pending charge / R20
b) ☐ Receive file R20/21
c) ☐ Supsdg ☐ Ind ☐ Inf
d) ☐ Order New trial
e) ☐ Remand   f) ☐ JG/P Withdrawn

END INTERVAL TWO
KEY DATE 4/1/95
APPLICABLE
☐ Dismissal Pled guilty ☐ After N.G.
☐ Nolo ☐ After nolo
☒ Trial (voir dire) began Jury ☐ N.J.

1st appears with or waiver/counsel 6/23/94
ARRAIGNMENT 6/30/94
1st Trial Ended 5/5/95
RE-TRIAL
2nd Trial Began
DISPOSITION DATE 5/3/95
SENTENCE DATE
☐ PTD ☐ Nolle ☐ Pros.
FINAL CHARGES DISMISSED ☐ on st motion ☐ on ST. ☐ on gov't ☐ grounds ☐ W.P. ☐ WOP ☐ motion

**III. MAGISTRATE**

| | DATE | INITIAL/NO. | | | INITIAL/NO. | OUTCOME: |
|---|---|---|---|---|---|---|
| Search Warrant { Issued / Return | | | INITIAL APPEARANCE DATE ▶ 6/23/94 | | | ☐ DISMISSED |
| Summons { Issued / Served | | | PRELIMINARY EXAMINATION { Date Scheduled ▶ 6/30/94 | | FSB/1008 | HELD FOR GJ OR OTHER PRO-CEEDING IN THIS DISTRICT |
| Arrest Warrant Issued | | | ☐ REMOVAL HEARING OR { Date Held ▶ | | | HELD FOR GJ OR OTHER PRO-CEEDING IN DISTRICT BELOW |
| COMPLAINT ▶ | | | ☐ WAIVED ☐ NOT WAIVED | Tape Number | | |
| Date of Arrest 6/23/94 | OFFENSE (In Complaint) Distribute Cocaine | | ☐ INTERVENING INDICTMENT | | | |

Show last names and suffix numbers of other defendants on same indictment/information:
Teague, C., 01

**IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.**

ATTORNEYS

U.S. Attorney or Asst.
J. C. Charbonneau, AUSA

Defense: 1 ☒ CJA.  2 ☐ Ret.  3 ☐ Waived.  4 ☐ Self.  5 ☐ Non / Other.  6 ☐ PD.  7 ☐ CD

Thomas A. Zonay, Esq. (for appeal)
John Kennelly, Esq.
Carroll, George & Pratt
P.O. Box 280
Rutland, VT 05702-0280
775-7141

RULE
☐ ☐ ☐ : ☐ ☐
20  21  40  In  Out

BAIL • RELEASE

PRE - INDICTMENT

| Release Date | 6/23/94 |
|---|---|
| ☐ Bail Denied | ☐ Fugitive ☐ Pers. Rec. ☒ PSA |
| AMOUNT SET $ 5,000 | ☐ Conditions |
| Date Set 6/23/94 | ☐ 10% Dep. ☐ Surety Bnd |
| ☐ Bail Not Made | ☐ Collateral |
| Date Bond Made 6/23/94 | ☐ 3rd Prty ☐ Other |

POST - INDICTMENT

| Release Date | 6/30/94 |
|---|---|
| ☐ Bail Denied | ☐ Fugitive ☒ Pers. Rec. ☐ PSA |
| AMOUNT SET $ 5,000 | ☐ Conditions |
| Date Set 6/30/94 | ☐ 10% Dep. ☐ Surety Bnd |
| ☐ Bail Not Made | ☐ Collateral |
| Date Bond Made 6/30/94 | ☐ 3rd Prty ☐ Other |

APPEALS FEE PAYMENTS

I hereby attest and certify on
April 21 2004 , that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.

RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont

BY: Lisa Wright
Deputy Clerk

| FINE AND RESTITUTION PAYMENTS | | | | Docket Entries Begin On Reverse Side | | |
|---|---|---|---|---|---|---|
| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER | |
| | | | | | | |

| DATE | Yr. | Docket No. | Def. | MASTER DOCKET · MULTIPLE DEFENDANT CASE    PAGE 2 of | VI. EXCLUDABLE DELAY | | | LETTER CODES |
|------|-----|-----------|------|------|------|------|------|------|
| DOCUMENT NO. | | 94-00047-02 | | PROCEEDINGS DOCKET FOR SINGLE DEFENDANT<br>Teague, Norman | Start Date<br>End Date | Ltr.<br>Code | Total<br>Days | |

(OPTIONAL) Show last names of defendants

### V. PROCEEDINGS

| 1994 | | |
|------|---|---|
| Jun 23 | 1 | CRIMINAL COMPLAINT.    wf |
| " " | | In Court before Judge Billings.  J-C. Charbonneau, AUSA, for the Govt.  No one present with the Deft. Currie, Reporter. |
| " " | | INITIAL APPEARANCE. |
| " " | | Statements made by Mr. Teague. |
| " " | | Statements made by the Court. |
| " " | | ORDERED:  Counsel to be appointed.  Probable Cause Hearing scheduled for 6/30/94 at 1:00 p.m. |
| " " | 2 | ORDER SETTING CONDITIONS OF RELEASE – $5,000/unsecured, travel restricted to VT and MA (residence), maintain residence, contact PTS as directed and submit to urinalysis. Cys to attys, USM and USPO. |
| " " | 3 | APPEARANCE BOND - $5,000/unsecured. |
| " " | 4 | FINANCIAL AFFIDAVIT. |
| " " | 5 | APPOINTMENT of John Kennelly, Esq.    Cy of file to atty.    cab |
| " 30 | | RECORD OF GRAND JURORS CONCURRING. |
| " " | 6 | INDICTMENT.    amn |
| Jun 30 | | IN COURT before Judge Billings. J. C. Charbonneau, AUSA for Govt. J. Kennelley, Esq. for Deft. W. Currie, Court Reporter. |
| " " | | Counsel and Deft present for ARRAIGNMENT. |
| " " | | Deft sworn by Clerk and examined by Court. |
| " " | | Deft pleads not guilty to the indictment. |
| " " | | Statements by Mr. Charbonneau and Mr. Kennelly re: detention pending trial. |
| " " | | ORDERED: All pretrial motions to be filed by 7/28/94. Tentative trial date of 9/12/94. |
| " " | 7 | CONDITIONS of Release – FSB – As previously set with the addition of: 1. Maintain present residence; 2. Submit to drug testing by USPO as directed; and 3. Refrain from excessive use of alcohol and any use of controlled substances. Cy to attys and USPO and USM.    wf |
| Jul 13 | 8 | AMENDED ORDER SETTING CONDITIONS OF RELEASE – FSB – Amended to read Drug Treatment as directed by USPO.    Cy to attys.    wf |
| " 27 | 9 | MOTION (Unopposed) to Extend Time for filing pretrial motions for 30 days and MEMO by Deft.    cab |
| " 29 | 10 | ORDER – FSB – Deft's motion to extend time for filing pretrial motions is granted.  All motions shall be filed by 8/29/94.  Such time shall be excludable for purposes of the Speedy Trial Act. Cys to attys.    cab |
| Aug 26 | 11 | MOTION (Unopposed) to Extend Time for filing pretrial motions to 9/29/94 and MEMO by Deft.    cab |
| Sep 7 | 12 | ORDER – FSB – Motion to Extend Time is Granted. All motions to be filed by 9/29/94. Such time shall be excludable for purposes of the Speedy Trial Act.  Cy to attys and USPO. wf |
| " 29 | 13 | MOTION For Production of Jencks Act and Brady Material and MEMO by Deft. |
| " " | 14 | MOTION For Disclosure of Grand Jury Testimony and Letters and MEMO by Deft. |
| " " | 15 | UNOPPOSED MOTION For Early Return of Trial Subpoena Duces Tecum and MEMO by Deft.    cab |

CONTINUED TO PAGE

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET**   *U.S. vs*          1008      Aus

TEAGUE, NORMAN C.                                94-00047-02

AO 256A ⊕                                         Yr. | Docket No. |Def.

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|------|--|--------------------------|---------------------|
| | (Document No.) | | (a) | (b) | (c) | (d) |

1994
Oct 13   16  OPPOSITION to Motion for Production of Jencks/Brady
             Material and Disclosure of Grand Jury Materials
             by Govt. (P#13,14)    wf

Nov 15   17  ORDER-FSB-The Court grants Deft's motion for
             production of Jencks Act and Brady Material
             and Deft's motion for disclosure of Grand Jury
             testimony and letters insofar as they apply to
             C. Teague's testimony of 6/29/94 and 7/27/94
             and insofar as they apply to the letters con-
             cerning her Grand Jury testimony that she wrote
             to the Grand Jury and the U.S. Atty. The USA is
             to produce these materials no less than 10 days
             before trial. Deft's motion for Early Return of
             Trial Subpoena Duces Tecum is granted.  Cys to
             attys and USPO.  amn

Dec 1    18  MOTION (Unopposed) to continue trial date by Deft.  amn
 "  2    19  ORDER-FSB-Deft's motion to continue trial date
             is granted.   This case will be scheduled on the
             first jury trial calendar after 02/13/95.  Such
             time shall be excludable for purposes of the
             Speedy Trial Act.  Cys to attys and USPO.  amn

 "  7    20  MOTION For Issuance of Arrest Warrant and Revocation
             of Release and MEMO by the Govt.    cab

Dec 12       ORDER - FSB - Entered on P# 20 - Motion Granted.
             Cy to attys and USPO.
             ISSUED Warrant for Arrest to USM.    wf
 "  19       In Court before Judge Billings.  J-C. Charbonneau, AUSA,
             for the Govt.  C. Humpstone, Esq., with the Deft.
             Currie, Reporter.
 "  "        HEARING ON REVOCATION OF CONDITIONS OF RELEASE AND BAIL.
 "  "        Lisa Coole, sworn by the Clerk, was examined for
             the Govt.
 "  "        Statements made by Mr. Humpstone and Mr. Cahrbonneau.
 "  "        ORDERED:  Bail/conditions are revoked and remanded
             to the custody of USM.
 "  "    21  ORDER OF DETENTION PENDING TRIAL - FSB - Cys to attys
             USM and UPSO.         cab

Dec 28   22  WARRANT FOR ARREST returned executed 12/14/94 (USM).  wf
1995
Jan 6    23  RECEIVED from District of Massachusetts: Copy of
             Executed Arrest Warrant, Original Court Notes,
             Original Waiver of Rule 40 Hearing and Original
             Order Setting Conditions of Release in District of
             Mass.     amn

Feb 13   24  MOTION (Unopposed) to Allow Time for Filing of Motions
             and to Continue Trial with MEMO by Deft.  wf

Feb 13   25  ORDER - FSB - Motion to continue is Granted. Pre-trial
             Motions to be filed by 2/17/95. Such time shall be
             ~~excludable for purposes of the Speedy Trial~~ Act.
             Cy to attys and USPO.    wf

Interval | Start Date | Ltr. | Total
(per Section II) | End Date | Code | Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET                    TEAGUE, NORMAN C.                        94-47-02
    AO 256A                                        1008    Aus

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|---|---|---|---|---|---|
| | | (Document No.) | (a) | (b) | (c) | (d) |
| 1995 | | | | | | |
| Feb 17 | 26 | MOTION to suppress by Deft.    amn | | | | |
| Mar 6 | 27 | MEMORANDUM in Opposition to Motion to Suppress by Govt. (P#26)    wf | | | | |
| Mar 20 | | In Court before Judge Billings.  J-C. Charbonneau, AUSA, for the Govt.  C. Humpstone, Esq., with the Deft. Currie, Reporter. | | | | |
| " " | | HEARING ON DEFT'S MOTION TO SUPPRESS. | | | | |
| " " | | The following witnesses, sworn by the Clerk, were examined for the Govt:  David Schauwekcer, Chris Kiefer-Cioffi, Raymond Marcoux and Thomas Doud. | | | | |
| " " | | Government rests. | | | | |
| " " | | Norman Teague, sworn by the Clerk, was examined for the Deft. | | | | |
| " " | | Deft rests. | | | | |
| " " | | Under advisement.                    cab | | | | |
| " 23 | 28 | OPINION AND ORDER-FSB-Deft's motion to suppress is DENIED.  Cys to attys and USPO. Govt's exhibits 1-4 returned to USA.    amn | | | | |
| Mar 30 | 29 | PETITION for Writ of Habeas Cropus ad Testificandum by Govt.    wf | | | | |
| Apr 5 | | ISSUED WRIT OF HABEAS CORPUS AD TESTIFICANDUM as to Scott Chandler. (USM)    wf | | | | |
| " 7 | 30 | REQUESTS for Voir Dire by Deft. | | | | |
| " " | 31 | PROPOSED REQUESTS TO CHARGE by Deft.  amn | | | | |
| Apr 11 | 32 | EX PARTE MOTION for Subpoena, Costs and Fees with Memo by Deft.    wf | | | | |
| " " | | In Court before Judge Billings.  J-C. Charbonneau, AUSA, for the Govt.  C. Humpstone and T. Zonay, Esqs., with the Deft for JURY SELECTION. Currie, Reporter. | | | | |
| " " | | Jury was impanelled. | | | | |
| " " | | Jury excused until notification by the Clerk's Office.    cab | | | | |
| " " | 33 | ORDER-FSB-Deft's exparte motion for subpoena, costs and fees is granted.  Cy to Deft's counsel. | | | | |
| " " | | ISSUED SUBPOENA as to Geraldine Teague. | | | | |
| " 12 | 34 | WRIT OF HABEAS CORPUS AD TESTIFICANDUM as to Scott Chandler returned UNEXECUTED by USM.  amn | | | | |
| " 27 | 35 | MOTION in Limine Re:  criminal activity or records by Deft. | | | | |
| " " | 36 | MOTION in Limine Re:  prior acts by Deft.  amn | | | | |
| Apr 28 | 37 | MEMORANDUM in Opposition to Motion in Limine by Govt. (P#36)    wf | | | | |
| " " | 38 | PETITION for Writ of Habeas Corpus Ad Testificandum as to Scott Chandler by Govt.        amn | | | | |
| Apr 28 | | ISSUED WRIT of Habeas Corpus Ad Testificandum as to Scott Chandler (USM).    wf | | | | |

Interval          Start Date    Ltr. Total
(per Section II)   End Date      Code Days

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET**  *U. S. vs*

TEAGUE, NORMAN C.

94-00047-02
Yr. | Docket No. | Def.

AO 256A ●

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|------|---|---|---|
| | (Document No.) | | (a) | (b) | (c) | (d) |

1995
May 1 | 39 | SUPPLEMENTAL Memorandum in Support of Motion in
 | | Limine - Prior Acts Evidence by Deft. (P#36)
" " | 40 | MOTION in Limine - Co-Conspirator Statements with
 | | MEMO by Deft.  wf

May 1 | 41 | MEMORANDUM in Opposition to Deft's Supplemental
 | | Memorandum in Support of Motions in Limine
 | | by Govt.  wf
" 2 | | In Chambers before Judge Billings.  J-C. Charbonneau, AUSA,
 | | for the Govt.  T. Zonay and C. Humpstone, Esqs.,
 | | for the Deft.  Currie, Reporter.
" " | 42 | STIPULATION.
" " | | HEARING ON DEFT'S MOTION IN LIMINE (P#35).
" " | | Statements made by Mr. Zonay and Mr. Charbonneau.
" " | | ORDERED:  Motion is moot.
" " | | HEARING ON DEFT'S MOTION IN LIMINE (P#36).
" " | | Statements made by Mr. Zonay and Mr. Charbonneau.
" " | | ORDERED:  Motion denied.
" " | | HEARING ON DEFT'S MOTION IN LIMINE (P#40).
" " | | Statements made by Mr. Charbonneau and Mr. Zonay.
" " | | ORDERED:  Motion granted in part and decision
 | | reserved in part.
" " | | IN Court, jury, deft and counsel present.
" " | | Oath to Petit Jurors in Criminal cases administered by
 | | the Clerk.
" " | | Opening statements made by Mr. Charboneau and
 | | Mr. Humpstone.
" " | | The following witnesses, sworn by the Clerk, were
 | | examined for the Govt:  Shirley Pratt Shelby,
 | | Scott Chandler, raymond LaMoria, Curtis Teague,
 | | Franz Morel, Eric Tuepker and Thomas Doud.
" " | | Govt rests.
" " | | Roger Marcoux, sworn by the Clerk, was examined
 | | for the Deft.
" " | | Jury excused until 5/3/95 at 9:30 a.m.    cab
" 3 | | In Chambers, counsel present.
" " | | Motion for judgment of acquittal by Mr. Humpstone.
" " | | Statements made by Mr. Charbonneau.
" " | | ORDERED:  Motion denied.
" " | | In Court, jury, deft and counsel present.
" " | | The following witnesses, sworn by the Clerk, were
 | | examined for the Deft:  Norman Teague and
 | | Geraldine Teague.
" " | | Deft rests.
" " | | ORDERED:  Evidence is closed.
" " | | Jury excused.
" " | | In Chambers, counsel present.
" " | | Motion for judgment of acquittal by Mr. Humpstone.
" " | | Statements made by Mr. Charbonneau.
" " | | ORDERED:  Motion denied.
" " | | Statements made by Mr. Zonay and Mr. Charbonneau.
" " | | CHARGE CONFERENCE HELD.

Interval | Start Date | Ltr. | Total
(per Section II) | End Date | Code | Days

1008    Aus

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET
   AO 256A

TEAGUE, Norman                                    94-47-02

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY | | | |
|------|------------------------|-----|-----|-----|-----|
| | | (a) | (b) | (c) | (d) |
| 1995 | | | | | |
| May 3 | In Court, jury, deft and counsel present. | | | | |
| " " | Closing arguments made by Mr. Charbonneau and | | | | |
| |     Mr. Zonay. | | | | |
| " " | Court commenced Charge to the Jury. | | | | |
| " " | Court concluded Charge to the Jury. | | | | |
| " " | John Hanson appointed foreperson. | | | | |
| " " | The following sworn as Officers taking charge of Jury | | | | |
| |     in Criminal cases:  Andy Moschetto, Richard | | | | |
| |     Cannella, Al Juliano, Melvin Scarcello and | | | | |
| |     William McCarthy. | | | | |
| " " | ORDERED:  USM to provide meals as needed. | | | | |
| " " | Alternate jurors excused. | | | | |
| " " | Jury excused to begin deliberations. | | | | |
| " " | In Chambers, counsel present. | | | | |
| " " | Statements made by Mr. Charbonneau and Mr. Zonay. | | | | |
| " " | In Court, jury, deft and counsel present. | | | | |
| " " | Court Reporter read portion of testimony to the Jury. | | | | |
| " " | Jury excused to continue deliberations. | | | | |
| " " | In Court, jury, deft and counsel present. | | | | |
| " " | Court Reporter read portion of testimony to the Jury. | | | | |
| " " | Jury excused to continue deliberations. | | | | |
| " " | In Court, jury, deft and counsel present. | | | | |
| " " | Jury excused until 5/4/95 at 9:30 a.m. | | | | |
| " " | Govt exhibit #1 was not presented to the Clerk's | | | | |
| |     Office.  Roger Marcoux, DEA, accepted | | | | |
| |     responsibilty of exhibit.          cab | | | | |
| " 4 | USM took attendance.  Jury continued deliberations. | | | | |
| " " | In Chambers, counsel present. | | | | |
| " " | Statements made by Mr. Zonay and Mr. Charbonneau. | | | | |
| " " | In Court, jury, deft and counsel present. | | | | |
| " " | Statements made by the Court. | | | | |
| " " | Jury excused to continued deliberations. | | | | |
| " " | In Court, jury, deft and counsel present. | | | | |
| " " | Jury excused until 5/5/95 at 9:30 a.m.     cab | | | | |
| " 5 | In Court, jury, deft and counsel present. | | | | |
| " " | Court Reporter read portion of testimony to the Jury. | | | | |
| " " | Jury excused to continued deliberations. | | | | |
| " " | In Court, jury, deft and counsel present. | | | | |
| " " | Verdict of guilty returned. | | | | |
| " " | 43 VERDICT - Guilty as to ct 1. | | | | |
| " " | Jury polled at request of Mr. Zonay. | | | | |
| " " | Jury excused. | | | | |
| " " | ORDERED:  Deft remanded to custody of USM. | | cab | | |
| May 10 | 44 MOTION FOR NEW TRIAL with MEMO by Deft.    wf | | | | |
| May 11 | 45 MEMORANDUM in Opposition to Motion for New Trial | | | | |
| |     by Govt.    wf | | | | |
| " 4 | 46 WRIT of Habeas Corpus Ad Testificandum Returned | | | | |
| |     served by USM.  (Filed in Burlington). | | cab | | |

Continued on Page 7

| | Interval (per Section III) | Start Date End Date | Ltr. Code | Total Days |
|--|--|--|--|--|

1008    Aus                    Page 7

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    U. S. vs        TEAGUE, Norman                94-47-02

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|-------------------------|----|----|----|----|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 1995 | | | | | | |
| May 19 | 47 | ORDER-FSB-Deft's motion for a new trial is DENIED. Cys to attys and USPO.   amn | | | | |
| Jul 6 | 48 | EX PARTE MOTION by Govt. (Sealed) | | | | |
| " " | 49 | AFFIDAVIT of John-Claude Charbonneau in Support P#48. (Sealed) | | | | |
| " " | 50 | ORDER - FSB - Motion Granted. (Sealed)   wf | | | | |
| Aug. 1 | 51 | TRANSCRIPT re Trial by Jury, Vol. 1, 05/02/95. | | | | |
| " " | 52 | TRANSCRIPT re Trial by Jury, Vol. 2, 05/03/95. | | | | |
| " " | 53 | TRANSCRIPT re Trial by Jury, Vol. 3, 05/04/95. | | | | |
| " " | 54 | TRANSCRIPT re Trial by Jury, Vol. 4, 05/05/95. | | | | |
| Sep 26 | 55 | SCHEDULING ORDER-FSB-Sentencing is set for 11/8/95 at 11:00 a.m. in Rutland.   Cys to attys and USPO.   amn | | | | |
| Nov 2 | 56 | STATEMENT as to Review of Presentence Report by Deft. | | | | |
| " " | 57 | SENTENCING MEMORANDUM by Deft. | | | | |
| " " | 58 | EXHIBITS to Sentencing Memorandum by Deft.   wf | | | | |
| Nov 3 | 59 | MOTION TO CONTINUE sentencing with MEMO by Govt.   wf | | | | |
| Nov 7 | 60 | MEMORANDUM in Opposition to Deft's Sentencing Memorandum by Govt.   wf | | | | |
| Nov 8 | | IN COURT before Judge Billings. P. Hull, AUSA for Govt. T. Zonay, Esq. for Deft. C. Janisse-Ingalls, Court Reporter. | | | | |
| " " | | Counsel and Deft present for SENTENCING. | | | | |
| " " | | Evidentiary Hearing held. | | | | |
| " " | | Statements by Mr. Hull and Mr. Zonay. | | | | |
| " " | | Sentencing Hearing held. | | | | |
| " " | | Statements by Mr. Zonay, Mr. Hull and Mr. Teague. | | | | |
| " " | 61 | JUDGMENT in Criminal Case - FSB - 121 months imprisonment. 4 years Supervised Release; Special Conditions: Deft to participate in substance abuse treatment program, contribute to costs of services rendered. $50.00 Special Assessment payable immediately. | | | | |
| Nov 8 | 62 | STATEMENT of Reasons for Sentence - FSB. Cy to attys and USPO. | | | | |
| " " | 63 | PRESENTENCE REPORT. (Sealed by Order of Court) wf | | | | |
| " 13 | 64 | NOTICE OF APPEAL by Deft.   amn | | | | |
| " 17 | 65 | Form A. | | | | |
| " 20 | | Mailed copy of NOA to Clerk Lange, Reporter Janisse-Ingalls and attorneys of Record.   cb | | | | |
| Dec. 4 | 66 | SCHEDULING ORDER # 1 - index to be filed by 12/19/95; USCA #95-1665. cb | | | | |
| " 5 | 67 | DESIGNATION OF RECORD on Appeal by deft/appellant. cb | | | | |
| " 7 | 68 | TRANSCRIPT re Motion to Suppress heard 03/20/95. cb | | | | |
| Dec 15 | 69 | JUDGMENT RETURNED EXECUTED 12/13/95 dft delivered to FCI Ray Brook. | | pjd | | |
| | | See other side | | | | |

Interval
(per Section II)

Start Date
End Date

Ltr.
Code

Total
Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

Page 8

AO 256A

USA vs. Norman C. TEAGUE

94-00047-02

| DATE 1995 | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| Dec. 18 | Mailed Index to Record on Appeal to Second Circuit. Attys notified. cb | | | | |
| " 21 | 70 TRANSCRIPT re Sentencing held 11/08/95. cb | | | | |
| 1996 | | | | | |
| Feb. 16 | Mailed first supplement to record on appeal. cb | | | | |
| July 1 | Mailed partial record (transcripts) to Second Circuit. cb | | | | |
| Oct. 25 | 71 MANDATE-entered 08/22/96; issued 10/22/96 - judgment of district court affirmed. Slip opinion attached. cb | | | | |

## SEE ICMS
## FOR COMPLETE
## DOCKET ENTRIES

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |
|---|---|---|---|---|

Proceedings include all events.
1:94cr47-2 USA v. Teague, et al

                                                            BURL
12/28/94 1      ARREST WARRANT RETURNED EXECUTED as to defendant Norman C.
                Teague ; defendant arrested on 12/14/94 (lan)
                [Entry date 12/29/94]

5/30/97  --     SEE HARD DOCKET FOR ALL PREVIOUS ENTRIES (pjd)
                [Entry date 05/30/97]

5/30/97  72     MOTION pursuant to 28:2255  by Norman C. Teague (pjd)
                [Entry date 05/30/97]

5/30/97  73     MEMORANDUM by Norman C. Teague  in support of [72-1] motion
                pursuant to 28:2255 (pjd) [Entry date 05/30/97]

5/30/97  74     AFFIDAVIT of defendant Norman C. Teague re: [72-1] motion
                pursuant to 28:2255 (pjd) [Entry date 05/30/97]

6/19/97  75     ORDER directing Clerk to serve gov't with copy of 2255
                motion, gov't to respond within 30 days by Magistrate Judge
                Jerome J. Niedermeier (cc: all counsel) (pjd)
                [Entry date 06/19/97]

7/21/97  76     MOTION for enlargement of time to respond to 2255 motion
                by USA as to Norman C. Teague (amn) [Entry date 07/21/97]

7/21/97  77     MEMORANDUM by USA  in support of [76-1] motion for
                enlargement of time to respond to 2255 motion (amn)
                [Entry date 07/21/97]

7/21/97  --     File sent to Burlington as to defendant Curtis l. Teague,
                defendant Norman C. Teague (amn) [Entry date 07/21/97]

7/30/97  --     ENDORSED ORDER granting [76-1] motion for enlargement of
                time to respond to 2255 motion to 8/12/97 ( Magistrate
                Judge Jerome J. Niedermeier )Cy to parties (pjd)
                [Entry date 07/30/97]

8/12/97  78     MEMORANDUM by USA  in opposition to [72-1] motion pursuant
                to 28:2255 (wjf) [Entry date 08/13/97]

8/29/97  79     OBJECTIONS AND TRAVERSE by Norman C. Teague  to response to
                [72-1] motion pursuant to 28:2255 (amn)
                [Entry date 08/29/97]

10/6/97  80     REPORT AND RECOMMENDATION re: [72-1]  recommending that
                motion pursuant to Sec 2255 be denied by Magistrate Judge
                Jerome J. Niedermeier  (cc: all counsel) (pjd)
                [Entry date 10/06/97]

10/7/97  --     File sent to Brattleboro as to defendant Norman C. Teague
                (pjd) [Entry date 10/07/97]

10/14/97 81     OBJECTIONS by Norman C. Teague to [80-1] REPORT AND
                RECOMMENDATION [72-1] (mek) [Entry date 10/14/97]
                [Edit date 10/15/97]

Docket as of April 21, 2004 9:08 am              Page 2

Proceedings include all events.
1:94cr47-2 USA v. Teague, et al

                                                              BURL

10/24/97 82    ORDER by Chief Judge J. G. Murtha  adopting [80-1] report &
               recommendations re: [72-1], denying motion pursuant to
               28:2255 [72-1]; denying certificate of appealability (cc:
               all counsel) (pjd) [Entry date 10/24/97]

10/27/97 --    File sent to Burlington as to defendant Norman C. Teague
               (lan) [Entry date 10/27/97]

11/20/97 83    NOTICE OF APPEAL by defendant Norman C. Teague re: [82-1]
               order.  Fee Status: Due.  Cy to Judge J. Garvan Murtha,
               appellate clerk, John-Claude Charbonneau for USA, Norman C.
               Teague, pro se, Court reporter(s): None. (cwb)
               [Entry date 11/20/97]

11/20/97 --    CERTIFIED AND TRANSMITTED record on appeal to USCA re:
               [83-1] appeal by Norman C. Teague. Parties notified. (cwb)
               [Entry date 11/20/97]

12/22/97 84    MANDATE entered and issued 12/18/97 re: dismissing the
               appeal [83-1] for failure to pay fee or move to proceed
               IFP. Return of USCA record due by 1/21/98. (cwb)
               [Entry date 12/22/97]

4/20/98  85    MANDATE entered and issued 04/09/98; DENYING Motions to
               reinstate appeal; for a certificate of appealability; for
               leave to proceed ifp; and for assignment of counsel re:
               appeal [83-1]. Return of USCA record due by 5/20/98. (cwb)
               [Entry date 04/20/98]

7/2/98   --    RECORD ON APPEAL RETURNED re: [83-1] appeal by Norman C.
               Teague. (cwb) [Entry date 07/02/98]

10/23/00 88    PRAECIPE by Norman C. Teague (amn) [Entry date 10/24/00]
               [Edit date 10/24/00]

10/23/00 86    PETITION  for Writ of Habeas Corpus Pursuant to 28:2241
               and 28:2243 by Norman C. Teague (amn) [Entry date 10/27/00]

10/23/00 87    MEMORANDUM OF POINTS AND AUTHORITIES by Norman C. Teague in
               support of [86-1] petition for Writ of Habeas Corpus
               Pursuant to 28:2241 and 28:2243 (amn) [Entry date 10/27/00]

11/13/00 --    File sent to Brattleboro as to defendant Norman C. Teague
               (lan) [Entry date 11/13/00]

11/13/00 --    CERTIFIED AND TRANSMITTED record to USCA as to Norman C.
               Teague re: [86-1] habeas corpus petition. Parties notified.
               (cwb) [Entry date 11/13/00]

11/13/00 --    File sent to USCA (cwb) [Entry date 11/13/00]

Proceedings include all events.
1:94cr47-2 USA v. Teague, et al

                                                              BURL
11/22/00 89    ORDER transferring successive habeas corpus petition [86-1]
               to Second Circuit Court of Appeals. (Chief Judge J. G.
               Murtha) [EOD Date 11/27/00] (cwb) [Entry date 11/27/00]

2/12/01  90    ORDER-USCA-Proceedings in this matter are STAYED until
               further order of this Court re: successive 2255 motion
               based on the new rule of constitutional law in Apprendi v.
               New Jersey. [EOD Date 2/12/01] (cwb) [Entry date 02/12/01]

12/19/02 91    MANDATE entered and issued 12/13/02 re: [89-1] Order of
               District Court referring successive 2255 motion. Request to
               file a successive 2255 motion is DENIED because the Supreme
               Court has not held that Apprendi establishes a "new rule of
               constitutional law made retroactive to cases on collateral
               review by the Supreme Court". (cwb) [Entry date 12/19/02]

1/21/03  --    RECORD ON APPEAL RETURNED re: [88-1] Order referring
               successive Habeas Corpus petition. (cwb)
               [Entry date 01/21/03]

1/21/03  --    File sent to Burlington (cwb) [Entry date 01/21/03]

4/13/04  92    TRANSFER OF JURISDICTION (Probation Form 22) as to dft
               Norman C. Teague   from District of Vermont to District of
               Massachusetts (law) [Entry date 04/14/04]

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA          :
                                  :
            v.                    :          Criminal No.  94-47-02
                                  :
NORMAN C. TEAGUE                  :

## Statement of Reasons for Sentence

The court finds as follows in this case:

1. That the offense conduct of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) occurred on or about June 21, 1994. Hence, the sentencing guidelines apply in this case.

2. The base offense level for the offense is 30. U.S.S.G. § 2D1.1. This base offense level applies because the defendant was involved with at least 38 grams of crack cocaine.

3. The defendant committed perjury. Therefore, he has obstructed justice and the offense level is increased by two levels pursuant to U.S.S.G. § 3C1.1.

4. The total offense level is 32.

5. The defendant has zero criminal history points and a criminal history category of I.

6. The guideline imprisonment range for a level 32 offense and a criminal history category of I is 121 to 151 months.

7. The guidelines authorize a term of supervised release of four to five years.

8. The fine range for the offense is $17,500 to $4,000,000.

9. The defendant is hereby committed to the custody of the Bureau of Prisons for a term of 121 months to be followed by four years of supervised release on the following conditions:

    A. That he not commit any crimes, Federal, State, or local.

    B. That he not possess any illegal controlled substances.

I hereby attest and certify on
April 21 2004 ,that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.

RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: Lisa Wright
Deputy Clerk

1

C.    That he abide by the standard conditions of supervision recommended by the Sentencing Commission.

D.    That he participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

10.    The defendant does not have the ability to pay a fine and all fines are waived.

11.    A special assessment of $50, payable immediately, is hereby imposed.

Both the defendant and the government may have the right to appeal this sentence, as set forth in 18 U.S.C. §3742. Since the defendant was convicted after trial, he has the right to appeal his conviction. If the defendant is unable to pay the cost of any appeal, he has the right to apply for leave to appeal *in forma pauperis*, and request the court to appoint counsel for him. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant. Notice of appeal by the defendant must be filed within 10 days pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. Dated at Rutland in the District of Vermont this 8th day of November, 1995.

Franklin S. Billings, Jr.
Senior U.S. District Judge

2

92.

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
2:94-CR-47-02

DOCKET NUMBER *(Rec. Court)*
4:04cr 40009

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Norman Teague<br>186 Charles St.<br>Fitchburg, MA 01420 | DISTRICT OF VERMONT | Criminal |

NAME OF SENTENCING JUDGE

Hon. Franklin S. Billings, Jr.

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>10/9/2003 | TO<br>10/8/2007 |
|---|---|---|

OFFENSE

Possession with Intent to Distribute Crack Cocaine
21 U.S.C. § 841(a)(1)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "DISTRICT OF VERMONT"

 IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the DISTRICT OF MASSACHUSETTS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

3/15/04
*Date*

*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

 IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

April 8, 2004
*Effective Date*

William G. Young
*Judge*

waiting for file
from FRC

*smg*

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
2:94-CR-47-02

DOCKET NUMBER *(Rec. Court)*
4:04CR 40009

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Norman Teague<br>186 Charles St.<br>Fitchburg, MA  01420 | DISTRICT OF VERMONT | Criminal |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Hon. Franklin S. Billings, Jr. |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>10/9/2003 | TO<br>10/8/2007 |
|---|---|---|

OFFENSE

Possession with Intent to Distribute Crack Cocaine
21 U.S.C. § 841(a)(1)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "DISTRICT OF VERMONT"

       IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the DISTRICT OF MASSACHUSETTS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_3/15/04_
*Date*

_S. Garvan Murtha_
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

       IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_April 8, 2004_
*Effective Date*

_William G. Young_
*United States District Judge*

smg